IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA WILLIAM JACKSON, | ) | |
| ID # 54191-177, | ) | |
| Movant, | ) | |
| | ) | No. 3:19-CV-1664-L-BH |
| vs. | ) | No. 3:16-CR-196-L(1) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is the movant's *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on July 11, 2019 (doc. 2). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice. The movant's *Petition for Writ of Mandamus*, received on March 9, 2021 (doc. 49), should be **DENIED AS MOOT**.

## I.    BACKGROUND

Joshua William Jackson (Movant) challenges his federal conviction and sentence in Cause No. 3:16-CR-196-L(1).  The respondent is the United States of America (Government).

### A.    Conviction and Sentencing

After initially being charged by complaint, Movant was charged by indictment on May 18, 2016, with illegal receipt of a firearm by a person under indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). (*See* doc. 1; doc. 14.)[2]  Following a hearing, his request to proceed *pro se* with standby counsel was granted on November 22, 2016.  (*See* docs. 29, 33, 38.)   On January

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-196-L(1).

4, 2017, Movant was charged by superseding information with use of a facility of interstate commerce in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952(a)(3) and (A) (Count One); illegal receipt of a firearm by a person under indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D) (Count Two); and cyberstalking in violation of 18 U.S.C. §§ 2261A(2) and (b)(5) (Count Three). (*See* doc. 53.) He pled guilty to all three counts of the superseding information on January 19, 2017, under a plea agreement. (*See* docs. 57, 60.)

In his plea agreement, Movant stated that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself. (*See* doc. 57 at 1.)[3] He agreed that the factual resume he signed was true and would be submitted as evidence. (*See id.* at 2.) The plea agreement set out the range of punishments for each count, and stated that Movant had reviewed the federal sentencing guidelines with counsel, that he understood his sentence would be imposed by the Court after consideration of the sentencing guidelines, which were advisory and not binding, and that no one could predict with certainty the outcome of the Court's consideration of the guidelines. (*See id.* at 2-3.) He understood that the Court had sole discretion to impose the sentence. (*See id.* at 3.) The guilty plea was freely and voluntarily made and was not the result of force or threats, or of promises apart from those included in the plea agreement. (*See id.* at 6.) He waived his right to appeal his conviction and sentence and his right to contest his conviction and sentence in a collateral proceeding, except that he reserved the right (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing, (b) to challenge the voluntariness of his guilty plea or the appeal waiver, and (c) to bring a claim of ineffective assistance of counsel. (*See id.* at 6-7.) In exchange,

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

the Government agreed not to bring any additional charges against Movant based on the conduct underlying and related to his guilty plea, and to dismiss any remaining charges in the pending indictment after sentencing. (*See id.* at 6.) It also agreed to file a routine supplement to the plea agreement, even though there may or may not be additional terms. (*See id.*) The plea agreement was a complete statement of the parties' agreement and could not be modified except in writing with the signature of both parties. (*See id.* at 7.) In the supplement to the plea agreement, the parties agreed there were no additional terms to the plea agreement. (*See* doc. 58.)

At his re-arraignment on January 19, 2017, Movant acknowledged under oath that he had read and fully understood the factual resume, that the facts set out in the factual resume were true and correct, and that he committed all of the essential elements for each of the charged counts. (*See* doc. 131 at 19-21, 31-32.) He also acknowledged that he understood the rights he was giving up by pleading guilty, and that he was voluntarily waiving his right to appeal except in the very limited circumstances of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing, to challenge the voluntariness of his guilty plea or appeal waiver, or to bring a claim of ineffective assistance of counsel. (*See id.* at 26-27.) He acknowledged that by pleading guilty, he was subjecting himself to a maximum period of imprisonment of five years on Count One, a maximum period of imprisonment of five years on Count Two, and a maximum period of imprisonment of five years on Count Three. (*See id.* at 28-30.) He also agreed that he and the Government had discussed how the sentences for the Counts "could be ordered concurrent or consecutive, so in total he could face a maximum jail sentence of 15 years. . . ." (*Id.* at 29-30.) Movant pled guilty to all three counts, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 33; doc. 72.)

On March 31, 2017, the United States Probation Office (USPO) prepared a Presentence

Investigation Report (PSR) in which it applied the 2016 United States Sentencing Guidelines Manual. (*See* doc. 81-1, ¶ 36.) The PSR grouped Count One and Count Two together based on the specific offense characteristics (Group One), and Count Three was considered as a separate group (Group Two). (*See id.* at ¶ 38.) The PSR determined that U.S.S.G. § 2E1.2, applied to Movant's offense under § 1952(a)(3). (*See id.* at ¶ 39; doc. 92-1 at 5-6 (correcting typographical error referencing Movant's offense as falling under § 1952(a)(2) instead of § 1952(a)(3).) U.S.S.G. § 2E1.2 provided that a base offense level was derived from the guidelines applicable to the underlying racketeering activity. (*See* doc. 81-1, ¶ 39.) The PSR determined that the guidelines under U.S.S.G. § 2G1.1 applied based on Movant's underlying racketeering activity, and it applied § 2G1.1(c)(1), which cross-referenced the application of U.S.S.G. § 2A3.1 if the offense involved conduct described in the statutory crimes for sexual abuse or aggravated sexual abuse. (*See id.*) Based on the cross-reference, the PSR calculated a base offense level of 30, to which it added four levels under § 2A3.1(b)(1) because the offense involved threatening the alleged victim with death and/or serous bodily injury to engage in commercial sex acts, resulting in a base offense level of 34. (*See id.*) No adjustments were made to Group One, resulting in an adjusted offense level of 34. (*See id.* at ¶¶ 40-44.) The PSR calculated an adjusted offense level of 20 for Group Two. (*See id.* at ¶¶ 45-46, 50.) Using the greater of the adjusted offense levels, the PSR determined a combined adjusted offense level of 34. (*See id.* at ¶¶ 52, 54.) Three levels were deducted for acceptance of responsibility, for a total offense level of 31. (*Id.* at ¶¶ 56-58.) Based on a criminal history category of II and an offense level of 31, the resulting guideline range was 121-151 months' imprisonment. (*See id.* at ¶ 101.) Movant filed objections to the PSR on April 13, 2017, and April 14, 2017. (*See* docs. 86, 88.)

On April 21, 2017, the USPO submitted an addendum to the PSR in which it summarized

Movant's objections, responded to them, and corrected the PSR.  (*See* doc. 92-1.)  The corrected

PSR removed the deductions for acceptance of responsibility based on Movant's continued

minimalization of his guilt and justification of his criminal behavior.  (*See id.* at ¶¶ 35, 35a.)  This

removal resulted in a total offense level of 34.  (*See id.* at ¶ 58.)    Based on a criminal history

category of II and the new offense level of 34, the resulting guideline range was 168-188 months.

(*See id.* at ¶ 101.)  Because 180 months was the combined maximum statutory imprisonment for

the offenses, the guideline range became 168-180 months.  (*See id.*)  Movant objected to the

addendum on May 1, 2017.  (*See* doc. 97.)

The USPO submitted a second addendum to the PSR on June 28, 2017, in which it

acknowledged that the prior addendum misread the guidelines relating to the circumstances in

which a two-level deduction for possession of firearms could apply.  (*See* doc. 101-1 at 1.) The

second addendum maintained its grouping of the Counts and the calculation of the applicable

guidelines range.  (*See id.* at 2.)  The USPO issued a third addendum to the PSR on August 10,

2017, in which it provided supplemental information relating to the amount of restitution due to

the alleged victims of Movant's offenses.  (*See* doc. 107-1.)

The Court conducted sentencing hearings on July 6, 2017, and August 16, 2017, during

which it heard testimony and arguments relating to the application of the sentencing guidelines to

Movant's offenses and the § 3553(a) factors.  (*See* docs. 102, 108, 140-41.)  The Court overruled

Movant's objections to the PSR and accepted it and its addenda; by judgment dated August 17,

2017, it sentenced Movant to consecutive sentences of 60 months' imprisonment on Count One,

36 months' imprisonment on Count Two, and 60 months' imprisonment on Count Three, for a

total aggregate sentence of 156 months' imprisonment, to be followed by a three-year term of

supervised release.  (*See* doc. 141 at 83-89, 92; doc. 111 at 2-3.)  He was also ordered to pay $839

in restitution and a $300 special assessment.  (*See* doc. 111 at 7.)

Movant was appointed appellate counsel, and on direct appeal, appellate counsel challenged the voluntariness of Movant's guilty plea to Count One.  *See United States v. Jackson*, 741 F. App'x 225, 226 (5th Cir. 2018).  The judgment was affirmed on September 21, 2018.  *See id.* at 227.  Movant did not file a petition for a writ of certiorari with the Supreme Court.

**B.      Substantive Claims**

Movant's § 2255 motion states the following grounds for relief:

(1)  The Government knowingly and voluntarily breached the plea agreement between the two parties by advocating for at Sentencing for sentence based on Sex Trafficking by Force Fraud or Coercion in violation of 18 USC 1591(b) that it did not charge [Movant] with AFTER luring him into signing a Plea Agreement of three non-violent offenses.
      The Government knowingly and voluntarily mislead [sic] the court after receiving the erroneously calculated PSR, when the [USPO] Officer did not find the most Analogous Federal Offense to the charged underlying State offense pursuant to 2E1.2 application note 2.
      The Government engaged in egregious conduct when after being informed by over seventy PSR Objections, it still at sentencing advocated for the Guidelines 2G1.1 and 2A3.1. in order to give [Movant] sentenced [sic] that went well over the actual guidelines and statutory maximum for the charges in order to violate [Movant's] Due Process rights.

(2)  [Appellate] counsel was ineffective during the direct appeal of the instant cause when it raised a single issue on Direct Appeal that the record did not support, when the Plea Agreement Waiver allotted for Direct Appeal of "Arithmiticular" error.

(3)  The District Court violated [Movant's] substantial rights when during the sentencing hearing it began it's [sic] calculation of the Sentencing Guidelines at with an erronous [sic] Guideline 2G1.1[.]

(No. 3:19-CV-1664-L-BH, doc. 2 at 7-8.)  On December 20, 2019, the Government filed a response.  (*See id.*, doc. 17.)  Movant filed a reply on January 16, 2020, and a supplemental reply on February 26, 2021.  (*See id.*, docs. 24, 48.)

## II.    SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III.    PROCEDURAL BAR

The Government asserts that Movant's first and third grounds for relief are procedurally barred because he failed to raise them on direct appeal. (*See* No. 3:19-CV-1664-L-BH, doc. 17 at 10-11, 17-18.)

As noted, a movant may be procedurally barred from collaterally attacking claims that were not raised in a direct appeal. *Willis*, 273 F.3d at 595. To overcome the bar, they must show "cause"

for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. Even then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." *Id.* The only exception is when a movant can establish a fundamental miscarriage of justice, i.e., that he is actually innocent of the crime convicted. *Id.*

Movant contends that his appellate counsel was ineffective for failing to raise his first and third grounds for relief on direct appeal. (*See* 3:19-CV-1664-L-BH, doc. 2 at 7-8; doc. 5 at 11-15; doc. 24 at 1, 7; doc. 48 at 1.) A showing of ineffective assistance of counsel satisfies the cause and prejudice standard for overcoming the procedural bar. *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000); *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994) ("Ineffective assistance of counsel satisfies the cause and prejudice standard.").

The determination of whether Movant's first and third grounds for relief are procedurally barred therefore rests on whether his appellate counsel was ineffective.

### IV.   INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In his second ground for relief, Movant claims his appellate counsel was ineffective for failing to raise certain claims on direct appeal. (*See* No. 3:19-CV-1664-L-BH, doc. 2 at 7-8; doc. 5 at 11-15; doc. 24 at 1, 7; doc. 48 at 1.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to

establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*. Under *Strickland*, the movant must show a reasonable probability that but for counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard

of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting

*Strickland*, 466 U.S. at 688).  "[A] reasonable attorney has an obligation to research relevant facts

and law, or make an informed decision that certain avenues will not prove fruitful. Solid,

meritorious arguments based on directly controlling precedent should be discovered and brought

to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and internal citations omitted).

To determine whether appellate counsel was deficient, courts must consider whether the challenge

"would have been sufficiently meritorious such that [counsel] should have raised it on appeal."

*Phillips*, 210 F.3d at 348.

## A.    Sentencing Guidelines

Movant claims his appellate counsel should have raised an independent claim on direct

appeal that the Court's sentencing guidelines calculations were erroneous.[4]  (*See* No. 3:19-CV-

1664-L-BH, doc. 2 at 7; doc. 5 at 11.)  He contends that the Court misapplied U.S.S.G. § 2E1.2,

and should have applied U.S.S.G. § 2X5.2 to calculate his sentencing guidelines range.  (*See id.*,

doc. 5 at 13-14.)  Movant argues that this challenge to the Court's calculations under the sentencing

guidelines fell within his reservation of the right, under the terms of the plea agreement, to bring a

direct appeal of an arithmetic error at sentencing, and that appellate counsel's failure to raise this

challenge as an independent ground for appeal therefore constituted ineffective assistance.[5]  (*See*

*id.*, doc. 5 at 14.)

---

[4] Movant does not contest that his guilty plea and appeal waiver were knowing and voluntary.  (*See* No. 3:19-CV-1664-L-BH, doc. 2 at 7; doc. 24 at 2, 4, 6.)

[5] In his reply, Movant argues for the first time that the appeal waiver "does not include a waiver to challenge issues created by the Probation Office and continued with the District Court.  [Movant] did not affirmatively waive the right to challenge the manner [in which] the sentence was determined." (No. 3:19-CV-1664-L-BH, doc. 24 at 6.)  In the plea agreement, however, Movant expressly waived his rights "to appeal from his conviction and sentence," and "to contest his conviction and sentence in any collateral proceeding," except in the specified limited circumstances, none of which include a challenge to the application of the sentencing guidelines.  (doc. 57 at 6-7.)  Because Movant's alleged challenge to the manner in which his sentence was calculated clearly constitutes an appeal from or contest of his conviction and sentence, it is subject to the appeal waiver, and his argument is without merit.

The Fifth Circuit has held that "[a]bsent some indication that the parties meant something else, we construe 'arithmetic error to mean simply an error involving a mathematical calculation.'" *United States v. Cerda*, 749 F. App'x 255, 256 (5th Cir. 2018) (quoting *United States v. Minano*, 872 F.3d 636, 636 (5th Cir. 2017)).  Movant does not allege "an error involving a mathematical calculation." *Id.*  His claim that the Court misapplied U.S.S.G. § 2E1.2 when it failed to apply U.S.S.G. § 2X5.2 to calculate his applicable sentencing guidelines range challenges its application of the sentencing guidelines rather than the correctness of the arithmetic, so it is barred by his waiver.  *See Minano*, 870 F.3d at 636; *see also United States v. Hawkins*, No. 3:07-CR-304-D, 2009 WL 400901, at *1 (N.D. Tex. Feb. 13, 2009) (finding that the defendant's claim that the court improperly applied a cross-reference under the sentencing guidelines was barred by appeal waiver and stating that "the appeal waiver would be virtually feckless in foreclosing appeals arising from the calculation of the advisory guidelines . . . .[if] [e]very objection that related to the proper determination of the advisory guideline range would become appealable as an arithmetic error.").

Because Movant's challenge to the Court's application of the sentencing guidelines was barred by his appeal waiver, the claim could not be raised on direct appeal.  Movant has not shown that appellate counsel was deficient for failing to raise a meritless claim on appeal.  *See Phillips*, 210 F.3d at 348 (holding that attorneys do not render deficient representation by failing to present meritless claims on appeal).  Further, *Strickland* "[p]rejudice does not result from appellate counsel's failure to assert meritless claims or arguments." *Auvenshine v. Davis*, No. 4:17-CV-294-Y, 2018 WL 2064704, at *4 (N.D. Tex. May 3, 2018).  Movant is therefore not entitled to § 2255 relief on this claim.

## B.    Breach of the Plea Agreement

In his replies to the Government's response, Movant recharacterizes his claim for the

alleged breach of the plea agreement as a claim of ineffective assistance of counsel based on appellate counsel's failure to raise a claim on direct appeal that the Government breached the plea agreement.  (*See* No. 3:19-CV-1664-L, doc. 24 at 1, 7; doc. 48 at 1.)

Rule 2(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires that motions filed pursuant to 28 U.S.C. § 2255 "specify all the grounds for relief available to the moving party."  New claims raised for the first time in a reply brief need not be considered by the Court. *See Harkey v. United States*, Nos. 3:09-CV-2143-L-BH, 3:08-CR-098-L, 2010 WL 1051122, at *5 (N.D. Tex. Feb. 26, 2010); *United States v. Cervantes,* 132 F.3d 1106, 1111 (5th Cir.1998) (holding that a district court does not abuse its discretion in refusing to consider new issues in a § 2255 reply brief after the government filed its response).  Of course, movants may amend their § 2255 motions in accordance with Fed. R. Civ. P. 15.  *See United States v. Saenz,* 282 F.3d 354, 355-56 (5th Cir. 2002).

After the Government filed its response to the motion to vacate, Movant could properly amend his motion only by obtaining written consent of the government or leave of court. *See* Fed. R. Civ. P. 15(a). He did neither, so the Court may decline to consider this ground for ineffective assistance of appellate counsel asserted for the first time in his reply.  Even if considered, however, it does not entitle Movant to relief.

When considering an alleged breach of a plea agreement, the Court applies general principles of contract law and considers "whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *United States v. Lewis,* 476 F.3d 369, 387-88 (5th Cir. 2007) (quoting *United States v. Valencia,* 985 F.2d 758, 761 (5th Cir. 1993)). The movant bears the burden of demonstrating a breach of the agreement by a preponderance of the evidence. *Id.* at 387.  An appeal waiver in a plea agreement does not prevent a defendant from

alleging on direct appeal that the government breached the terms of the plea agreement. *See United States v. Lavergne*, 785 F. App'x 213, 214 (5th Cir. 2019); *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002) ("[W]here the government has breached or elected to void a plea agreement, the defendant is necessarily released from an appeal waiver provision contained therein.") (citing *United States v. Keresztury*, 293 F.3d 750, 755 (5th Cir. 2002)).

Here, Movant alleges that the Government breached the plea agreement by: (1) "recklessly advocat[ing] at the Sentencing Hearings for conduct, and enhancements and a sentence based on Sex Trafficking by Force, Fraud and Coercion, in violation of 18 U.S.C. § 1591(b), which it did not charge [Movant] with during the Plea Negotiations, and having [Movant] sign a contract for three non-violent offenses"; (2) "knowingly misleading the Court after it received an erron[e]ous PSR"; and (3) "advocat[ing] for a sentence that exceeded the Statutory Maximum as written in the Contract by advocating for a Guideline Range that was incorrect." (No. 3:19-CV-1664-L-BH, doc. 5 at 1; *see id.*, doc. 2 at 7.)

In the plea agreement, the Government agreed it would: (1) not bring any additional charges against Movant based on the conduct underlying and related to his guilty plea; (2) dismiss, after sentencing, any remaining charges in the pending indictment; and (3) file a supplement regardless of whether or not there were any additional terms. (*See* doc. 57 at 5-6.) The plea agreement contains no agreement by the Government that it would not argue for or pursue sentencing enhancements for the offenses to which Movant was pleading guilty. The plea agreement is also silent on any agreement or stipulation by the Government regarding any sentencing guidelines range or sentence. Because there was no agreement or stipulation by the Government regarding the pursuit of any sentencing enhancements or sentencing guidelines range, Movant's allegations that the Government breached the plea agreement by pursuing certain

enhancements and sentencing guidelines ranges is without merit.[6]  *See, e.g., United States v. Purser*, 747 F.3d 284, 294 (5th Cir. 2014) (finding no breach of plea agreement where the government urged the application of a sentencing guidelines enhancement not mentioned in the plea agreement and where the plea agreement contained no provision regarding the total offense level); *United States v. Robinson*, 117 F. App'x 973, 979 (5th Cir. 2004) ("The government did not agree not to argue for any sentencing enhancement for the crime to which [the defendant] pled guilty, and the government's position in support of the district court's consideration of relevant conduct obviously did not constitute an additional prosecution of [the defendant] for other violations of Title 18.")

Movant's claim that the Government breached the plea agreement by seeking a sentence that exceeded the statutory maximum is also without merit.  For each of the three separate counts to which Movant pled guilty, the plea agreement stated that the Court could impose maximum and minimum penalties that included "imprisonment for a period not to exceed five years." (doc. 57 at 2-3.)  At sentencing, the Government requested the total statutory maximum sentence of 15 years' imprisonment, i.e., five years for each Count.  (*See* doc. 141 at 89, 140.)  Movant was sentenced at or below the statutory maximum of five years on each Count.  (*See* doc. 111 at 2.)  He cannot demonstrate that the Government sought a sentence that exceeded the statutory maximum sentences to which he was exposed, and therefore has failed to show a breach of the plea agreement on this basis.[7]

---

[6] To the extent Movant's motion can be construed to argue that the Government's arguments for the application of sentencing enhancements based on relevant conduct constituted new charges in breach of the plea agreement, enhancements under the sentencing guidelines do not amount additional charges. *See Robinson*, 117 F. App'x at 979 ("[T]he government's position in support of the district court's consideration of relevant conduct obviously did not constitute an additional prosecution of [the defendant]").  Any such argument is therefore without merit.

[7] To the extent Movant argues that "he reasoned that his understanding of the plea was he would not be facing more then [sic] 'Five years[,]'" such an understanding was not reasonable given the plain language of the plea agreement which separately set out the maximum period of imprisonment for each count, and is contradicted by Movant's filings

Because the bases for Movant's claim for breach of the plea agreement are without merit, appellate counsel was not ineffective under *Strickland* for failing to raise this meritless ground on direct appeal. *See Phillips*, 210 F.3d at 348. Movant is not entitled to § 2255 habeas relief on this ineffective assistance of counsel claim, and it should be denied.

## V.     BREACH OF PLEA AGREEMENT

In his first ground for relief, Movant claims the Government knowingly and voluntarily breached the plea agreement. (*See* doc. 2 at 7; doc. 5 at 1-9.) To the extent he asserts this claim independent of any alleged ineffectiveness of appellate counsel in failing to raise it on direct appeal, he has failed to show cause and prejudice to overcome his procedural default. Even if Movant could overcome the procedural bar, he has not demonstrated a breach of the plea agreement by the Government for the reasons discussed above. Accordingly, his claim is without merit and should be denied.

## VI.     MISAPPLICATION OF THE SENTENCING GUIDELINES

In his third ground for relief, Movant claims the Court violated his substantial rights and committed plain error when it misapplied the Sentencing Guidelines. (*See* doc. 2 at 8; doc. 5 at 16.) He argues, in part, that he did not raise this issue on direct appeal due to the ineffective assistance of his appellate attorney. (*See* doc. 5 at 17.) As discussed, his appellate counsel was not ineffective for failing to challenge the Court's sentencing guidelines calculations because the

---

and statements under oath to the Court. (doc. 5 at 6; *see also id.* at 9.) At his rearraignment, Movant acknowledged under oath that he and the Government had discussed that the "sentences could be ordered concurrent or consecutive, so in total he could face a maximum jail sentence of 15 years. . . ." (doc. 131 at 29-30.) Following his rearraignment, Movant filed a *Motion for Sentencing Relief Opposition to Consecutive Sentences* and a supporting memorandum. (*See* docs. 66-67.) In the memorandum, Movant again acknowledged that he was "FULLY aware the the [sic] Court is in it's on discression [sic] to give any sentence within statutory provisions; in the case of all three counts, 0 to 5 years, and is also under it's [sic] own right allowed to run said sentences consecutively; 5+5+5." (doc. 67 at 1.) During sentencing, Movant informed the Court that, "While [the Government] did tell me [I] could face a maximum of 15 years if the judge sees fit which is definitely understandable, but that is – that is stacking Counts 1[,] 2, and 3. That is fine. That is all understandable." (doc. 141 at 103.) Movant has not shown that he reasonably understood the plea agreement to limit his total maximum sentence exposure to five years' imprisonment.

15

claim was barred by Movant's appeal waiver.  He has therefore failed to show cause and prejudice

to overcome his procedural default, and the claim is procedurally barred.

Even if the claim is not procedurally barred, it is well established that the technical

application of the sentencing guidelines is not subject to collateral review in a § 2255 motion.  *See,*

*e.g., Williamson,* 183 F.3d at 462. "Section 2255 motions may raise only constitutional errors and

other injuries that could not have been raised on direct appeal that will result in a miscarriage of

justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category

and hence are not cognizable in § 2255 motions." *Id.*  Accordingly, Movant's claim regarding the

trial court's alleged misapplication of the sentencing guidelines is not cognizable under § 2255

and entitles Movant to no relief.[8]  His claim should be denied.

## VII.    EVIDENTIARY HEARING

Movant requests an evidentiary hearing to resolve factual disputes raised in his § 2255

motion.  (*See* 3:19-CV-1664-L-BH, doc. 5 at 24; doc. 24 at 7.)  No evidentiary hearing is required

when "the motion and the files and records of the case conclusively show that the prisoner is

entitled to no relief."  28 U.S.C. § 2255(b).  A movant "is entitled to an evidentiary hearing on his

§ 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'"

*Reed*, 719 F.3d at 373 (5th Cir. 2013) (citation omitted); *see Cervantes,* 132 F.3d at 1110 (noting

that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically

in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary

---

[8] Movant also waived any right he may have had to challenge the Court's application of the sentencing guidelines in a collateral proceeding. (*See* doc. 57 at 6-7.)  The Fifth Circuit has held that, generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir.1994) (per curiam), *accord United States v. White,* 307 F.3d 336, 343 (5th Cir. 2002).  The exceptions have been those instances involving claims of ineffective assistance of counsel claims affecting the validity of the § 2255 waiver or guilty plea, and "'where the sentence facially (or perhaps indisputably) exceeds the statutory limits.'" *See United States v. Hollins*, 97 F. App'x 477, 479 (5th Cir. 2004).  Neither of these exceptions are applicable here, and Movant does not dispute that his waiver was knowing and voluntary.  His voluntary waiver of the right to contest his conviction and sentence in any collateral proceeding therefore bars his claim and entitles him to no § 2255 relief.

hearing the issue.").

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 373. He has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## VIII.  RECOMMENDATION

The movant's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on February 1, 2019 (doc. 2), should be **DENIED** with prejudice. His *Petition for Writ of Mandamus*, received on March 9, 2021 (doc. 49), should be **DENIED AS MOOT**.

SIGNED this 15th day of March, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE