IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA WILLIAM JACKSON,<br>    ID # 54191-177,<br>        Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>        Respondent. | )<br>)<br>)<br>)   No. 3:19-CV-1664-L-BH<br>)   No. 3:16-CR-196-L(1)<br>)<br>)<br>)   Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the movant's *Application for Certificate of Appealability (Fed. R. App. P. 22(b)(1))*, received on April 5, 2021 (doc. 53). Based on the relevant filings and applicable law, a certificate of appealability should be **DENIED**.

### I.   BACKGROUND

Joshua William Jackson (Movant), a federal prisoner, filed a motion for a writ of habeas corpus under 28 U.S.C. § 2255 challenging his conviction and sentence in Cause No. 3:16-CR-196-L(1). (*See* doc. 2.) By *Findings, Conclusions, and Recommendation* (FCR) dated March 15, 2021, it was recommended that Movant's § 2255 motion be denied with prejudice on the merits, and that his related *Petition for Writ of Mandamus* be denied as moot. (*See* doc. 50.) Movant filed objections to the FCR, which were received on March 30, 2021. (*See* doc. 51.) The court has not yet ruled on the objections to the FCR, and no final judgment has been entered. Movant now seeks a certificate of appealability. (*See* docs. 53, 54.)

### II.   CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability pursuant to Fed. R. App. P. 22(b) and 28 U.S.C.

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

§ 2253(c), a movant must show (1) that reasonable jurists would find the Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Here, it has been recommended that Movant's § 2255 motion be denied with prejudice on the merits. (*See* doc. 50.) Because a final order or judgment has not yet been entered in this case, he is not entitled to a certificate of appealability. *See* 28 U.S.C. § 2253 (requiring a certificate of appealability to appeal from a final order in a § 2255 case). Accordingly, Movant's application for a certificate of appealability should be denied.

### III. RECOMMENDATION

The movant's *Application for Certificate of Appealability (Fed. R. App. P. 22(b)(1))*, received on April 5, 2021 (doc. 53), should be **DENIED**.

**SIGNED this 7th day of April, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE