IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOSHUA WILLIAM JACKSON,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:19-CV-1664-L-BH** |
| | § | Criminal No. 3:16-CR-196-L-1 |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

# ORDER

On March 15, 2021, and April 7, 2021, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Reports") (Docs. 50, 55) were entered, recommending that the court dismiss with prejudice this action, brought pursuant to 28 U.S.C. § 2255, and deny the request for a certificate of appealability included in Petitioner's Notice of Appeal (Doc. 53) that was docketed on April 5, 2021. In support of this recommendation, the magistrate judge determined that:

(1) Petitioner's first and third claims regarding the Government's alleged breach of the plea agreement and related misconduct, and the district court's sentencing errors are procedurally barred, notwithstanding his contentions regarding ineffective assistance of counsel with respect to these claims;

(2) even if not procedurally barred, the first and third claims are without merit because Petitioner's contentions regarding the Government seeking sentencing enhancements and a sentence exceeding the statutory maximum are not supported by the record, do not establish breach of the plea agreement, and technical application of the sentencing guidelines is not subject to collateral review under section 2255;

**Order – Page 1**

(3) Petitioner's second claim that his appellate counsel provided ineffective assistance of counsel is similarly without merit because the basis for this claim is barred by the appeal waiver in his plea agreement, despite his new argument to the contrary raised for the first time in his reply briefs; and

(4) Petitioner's attempt to recharacterize or repackage his claim for breach of the plea agreement as a new ineffective assistance of counsel claim fails as a matter of law even if considered by the court.

In addition, the magistrate judge determined that Petitioner's request for an evidentiary hearing should be denied for failure to demonstrate the existence of a factual dispute that creates a genuine issue.

Petitioner filed extensive objections to the magistrate judge's Reports (Doc. 51, 57, 58). Petitioner contends that, instead of addressing the merits of his argument regarding the relevance of Texas Penal Code § 43.02, as it applies to his claims for breach of the plea agreement, sentencing errors, and ineffective assistance of counsel claims, the Report focuses on procedural matters. Petitioner asserts that the charging instrument and his plea agreement both expressly set forth an underlying § 43.02 offense, yet the Government supported an error in the Presentence Investigation Report and advocated for different underlying conduct and, in doing so, breached the plea agreement. Petitioner further asserts that neither the probation officer nor the sentencing court ever determined the most analogous federal offense to Texas Penal Code § 43.02 as required by U.S.S.G. § 2E1.2, and he was prejudiced as a result of his appellate attorney not raising this issue on appeal.

Petitioner contends that his attorney misconstrued his sentencing objection and argued on direct appeal that he did not understand the plea agreement or offense of conviction. Petitioner

asserts that this argument by counsel was incorrect because, unlike the sentencing judge and probation officer who misapplied the guidelines in sentencing him, he fully understood the nature of the offenses against him, the terms of the plea agreement, and the relevance of Texas Penal Code § 43.02. On the other hand, he contends that, in entering the plea agreement, he could not have foreseen the level of judicial bias or incompetence of the sentencing court as reflected in its decision to ignore his valid sentencing objections because of his pro se status. By avoiding and "danc[ing] around" this issue, Petitioner contends that the magistrate judge similarly erred. Petitioner also contends that he could not have foreseen that the Government would argue at sentencing that his underlying conduct was analogous to Sex Trafficking by Force, Fraud, or Coercion, rather than Texas Penal Code § 43.02, which according to him, is directly inconsistent with the terms of the plea agreement regarding his underlying conduct.

Petitioner, therefore, argues that he has: (1) satisfied the requirements for ineffective assistance of counsel; and (2) established that his guilty plea was induced in violation of *Santobello*[1] by the Government's promise, as set forth in the signed plea agreement, that he would be sentenced for his underlying conduct that violated Texas Penal Code § 43.02, not the federal sex trafficking offense urged by the Government at sentencing. Petitioner, thus, requests that the court grant his habeas petition and resentence him without a hearing, or, alternatively, after conducting an evidentiary hearing. In addition, Petitioner contends that, for the reasons stated in his objections, the court should grant his request for a certificate of appealability, which was not intended as a motion, so the Fifth Circuit can consider the merits of his claims on appeal.

---

[1] Petitioner's various references to "Santobello" appear to refer to the Supreme Court's opinion in *Santobello v. New York*, 404 U.S. 257 (1971), which dealt with "the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty." *Id.* at 262.

**Order – Page 3**

Petitioner's argument is fundamentally flawed. Contrary to his assertion, his plea agreement and factual resume do not reference Texas Penal Code § 43.02 or include any agreement as to how his guidelines would be calculated at sentencing. Petitioner's pro se status also played no role in the court's decision-making process in calculating the advisory guidelines or fashioning a just and fair sentence, taking into account all appropriate sentencing factors under 18 U.S.C. § 3553(a). Moreover, the court agrees with the magistrate judge that the matters raised by Petitioner are procedurally barred, waived, or without merit for the reasons stated in her Reports. Petitioner's objections are, therefore, **overruled**, and his request for an evidentiary hearing is **denied**.

Having considered Petitioner's section 2255 motion, the file, record in this case, and Report, and having conducted a de novo review of that portion of the magistrate judge's Reports to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2), and **dismisses with prejudice** this action and all claims asserted by Petitioner.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** the certificate of appealability requested by Petitioner in his Notice of Appeal (Doc. 53).[*] The court determines that Petitioner has failed to show: (1) that reasonable

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

**Order – Page 4**

jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts a**nd **incorporates by reference** the Reports filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

**It is so ordered** this 31st day of May, 2021.

Sam A. Lindsay
United States District Judge

---

(b)　　Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 5**